**ALLSTATE INSURANCE COMPANY,**
**Plaintiff–Appellee,**

v.

**Melanie SMITH, Defendant–Appellant.**

**No. 93CA0504.**

Colorado Court of Appeals,
Div. I.

April 21, 1994.

Rehearing Denied May 26, 1994.

Certiorari Granted Aug. 29, 1994.

Zupkus & Ayd, Stefan Kazmierski, Patricia M. Ayd, Greenwood Village, for plaintiff-appellee.

Dallas, Holland & O'Toole, P.C., Neil D. O'Toole, Denver, for defendant-appellant.

McDermott, Hansen & Reilly, William J. Hansen, Denver, for amicus curiae Colorado Trial Lawyers' Ass'n.

Opinion by Chief Judge STERNBERG.

The defendant, Melanie Smith, appeals the summary judgment entered in favor of plaintiff, Allstate Insurance Company. The sole issue on appeal is whether, under the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A), an insurer must pay mileage costs for transportation to health care providers as part of the "reasonable and necessary expenses" for the treatment of injuries arising from an automobile accident. We hold that mileage costs are an available benefit and therefore reverse the judgment of the trial court which reached the opposite conclusion.

At the time of her involvement in an automobile accident, Smith was insured by Allstate under a conforming no-fault policy. She obtained medical treatment for the injuries sustained in the accident, and Allstate paid these expenses as required under § 10–4–706(1)(b), C.R.S. (1987 Repl.Vol. 4A). Smith also submitted a mileage expense

claim to Allstate for reimbursement of costs of transportation to and from the health care providers.

Allstate refused to pay these expenses and filed an action for declaratory judgment concerning its obligation to pay such medical transportation expenses. The trial court entered summary judgment in favor of Allstate, ruling that medical transportation expenses constituted "subsistence costs" and, thus, were not covered by § 10–4–706(1)(b) as reasonable and necessary expenses for medical services.

In adopting the Act, the General Assembly intended to place a duty upon the insurer to pay *all* medical expenses incurred by the insured as a result of the accident. *In re Question of United States Court of Appeals v. Criterion Insurance Co.*, 198 Colo. 132, 596 P.2d 1203 (1979). And, in light of its broad remedial purposes, the Act should be liberally construed to ensure that persons injured in automobile accidents are fully compensated for their injuries. Section 10–4–702, C.R.S. (1987 Repl.Vol. 4A); *Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984).

Relying upon *Sulzer v. Mid–Century Insurance Co.*, 794 P.2d 1006 (Colo.1990), Allstate argues that medical transportation expenses constitute "subsistence costs" not covered by the Act. In *Sulzer*, the court interpreted § 10–4–706(1)(c), C.R.S. (1987 Repl. Vol. 4A) as not extending vocational rehabilitation coverage to include subsistence benefits, such as living, moving, and relocation expenses. The court reasoned that these costs were more akin to disability income payments provided for under § 10–4–706(1)(d), C.R.S. (1987 Repl.Vol. 4A).

Here, we are dealing with a different part of the Act, § 10–4–706(1)(b), which requires compensation for payment of "all reasonable and necessary expenses for medical . . . and nonmedical remedial care and treatment" of injuries arising from an automobile accident. Unlike the maintenance and living expenses at issue in *Sulzer*, transportation costs are directly related to obtaining necessary medical care. They cannot be analogized to other benefits such as disability income benefits payable under another section of the Act, as was done in *Sulzer*.

In the modern health care system, in which "housecalls" by treating doctors have become nonexistent, travel to and from health care providers is an essential element of medical treatment. Therefore, we interpret the language of the statute as allowing reimbursement for reasonable and necessary transportation expenses incurred in obtaining authorized medical services.

The judgment is reversed, and the cause is remanded for entry of judgment in favor of defendant.

KAPELKE and ROY, JJ., concur.