Denise AMMONS, Arthur Arroyo, Christopher Coleman, Linda Darche, Robert Fenkel, William Geist, Sandra King, Danny Menhel, Michael Olmstead, Ben Sanchez, Christina Ware, Thomas Watkins, and Jackie Wallace, Individually and as Representatives of a Class, Plaintiffs–Appellants and Cross–Appellees,

and

Alvin Heck, Frank Richard, Michelle Scherf, and Kolleen Wilson, Individually and as Representatives of a Class, Plaintiffs and Cross–Appellees,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation; Allstate Insurance Company, an Illinois Corporation; Government Employees Insurance Company, a Delaware Corporation; The Hartford Insurance Company of the Midwest, an Indiana Corporation; Metropolitan Property and Casualty Insurance Company, a Delaware Corporation; Shelter Mutual Insurance Company, a Missouri Corporation; State Farm Mutual Automobile Insurance Company, an Illinois Corporation; The Travelers Companies, a Connecticut Corporation; and United Services Automobile Association, an Unincorporated Association, Defendants–Appellees and Cross–Appellants,

and

Prudential Property and Casualty Company, an Indiana Corporation, Defendant–Appellee.

Nos. 93CA1651, 93CA1667.

Colorado Court of Appeals,
Div. V.

April 6, 1995.

Rehearing Denied May 11, 1995.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.* art. VI, § 5(3), and

§ 24–51–1105, C.R.S. (1994 Cum.Supp.).

LeHouillier and Associates, Patric J. Le-
Houillier, Steven H. Schinker, Winston &
Liston, P.C., Joseph R. Winston, Mary Ann
Liston, Barkley D. Heuser, Colorado
Springs, for plaintiffs-appellants and cross-
appellees and plaintiffs and cross-appellees.

Eiberger, Stacy, Smith & Martin, David H.
Stacy, Denver, for defendant-appellee and
cross-appellant American Family Mut. Ins.
Co.

Zupkus & Ayd, P.C., Patricia M. Ayd,
Greenwood Village, for defendant-appellee
and cross-appellant Allstate Ins. Co.

White and Steele, P.C., Richard M. Kaudy,
Denver, for defendant-appellee and cross-ap-
pellant Government Employees Ins. Co.

Hall & Evans, L.L.C., Alan Epstein, Bruce
A. Menk, Edward H. Widmann, Denver, for
defendants-appellees and cross-appellants
The Hartford Ins. Co. of the Midwest, Met-

ropolitan Property and Cas. Ins. Co. and The Travelers Companies.

Greengard Senter Goldfarb & Rice, Thomas S. Rice, Kenneth R. Motsenbocker, Denver, for defendant-appellee and cross-appellant Shelter Mut. Ins. Co.

Retherford, Mullen, Johnson & Bruce, J. Stephen Mullen, Amelia L. Klemme, Colorado Springs, for defendant-appellee and cross-appellant State Farm Mut. Auto. Ins. Co.

White and Steele, P.C., Michael W. Anderson, June Baker, Denver, for defendant-appellee and cross-appellant United Services Auto. Ass'n.

Watson, Nathan & Bremer, P.C., Howard W. Bremer, Michael R. Lancto, Denver, for defendant-appellee Prudential Property and Cas. Ins. Co.

Opinion by Judge ROY.

In this class action, plaintiffs, various individuals insured by defendant insurers, seek declaratory relief on their own behalf and as representatives of a class of Colorado residents against defendants, eleven automobile insurance companies, for defendants' alleged failure to reimburse them pursuant to the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1994 Repl.Vol. 4A) (Reparations Act), for reasonable and necessary transportation expenses incurred in obtaining treatment of injuries arising from an automobile accident at a rate of $.28 per mile. In addition, plaintiffs, both individually and as class representatives, asserted claims for (1) damages for payment of transportation expenses by the insurance companies at a rate less than $.28 per mile; (2) willful and wanton failure to pay insurance benefits; (3) bad faith breach of insurance contract; and (4) exemplary damages. The trial court ruled, without specifying a particular rate, that mileage costs were reimbursable, but denied class certification. The court certified its order as final pursuant to C.R.C.P. 54(b), and both plaintiffs and the insurance companies have appealed from that determination. We affirm in part and reverse in part.

## I.

At the outset, the defendant insurance companies, on cross-appeal, contend that the trial court erred in determining that mileage reimbursement benefits are compensable under the Reparations Act. We disagree.

■ In *Allstate Insurance Co. v. Smith*, 879 P.2d 458 (Colo.App.1994) (*cert. granted*, August 29, 1994), decided after the trial court's ruling in this action, a division of this court held that mileage costs for transportation to and from health care providers for the treatment of injuries arising from an automobile accident are compensable under § 10–4–706(1)(b), C.R.S. (1994 Repl.Vol. 4A) of the Reparations Act. That holding is dispositive of the insurance companies' contention here, and we will not revisit it.

## II.

Plaintiffs contend that the trial court erred in denying class certification. We disagree.

■ The class action advocate bears the burden of demonstrating that the claims asserted are cognizable as a class action. *See Villa Sierra Condominium Ass'n v. Field Corp.*, 787 P.2d 661 (Colo.App.1990).

C.R.C.P. 23(a) provides that in order for a class action to be maintained, it must be shown that: (1) the members of the class are so numerous as to make their joinder impractical; (2) there are questions of law or fact common to the members; (3) the claims or defenses asserted by the parties are typical of the claims or defenses of the other class members; and (4) the parties seeking to represent the class will fairly and adequately protect the members' interests. *Robinson v. Lynmar Racquet Club, Inc.*, 851 P.2d 274 (Colo.App.1993).

■ The trial court is given broad discretion regarding whether to certify a class action under C.R.C.P. 23(a), and that decision will not be disturbed unless clearly erroneous and an abuse of discretion. *Friends of Chamber Music v. City & County of Denver*, 696 P.2d 309 (Colo.1985); *Kuhn v. State*, 817 P.2d 101 (Colo.1991), *cert. dismissed*, 504 U.S. 901, 112 S.Ct. 1925, 118 L.Ed.2d 533 (1992) (erroneous application of the law).

We conclude that the trial court's determination that the plaintiffs have failed to demonstrate typicality is not clearly erroneous. C.R.C.P. 23(a)(3). Therefore, we need not address whether plaintiffs satisfied the other requirements of C.R.C.P. 23(a).

The plaintiffs define the class as persons: (1) who were insured by automobile policies conforming with the Reparations Act; (2) who were involved in covered accidents; (3) who submitted transportation expense claims for travel to health care providers and other related professionals for covered treatment of accident related injuries; and (4) who were denied reimbursement altogether or were paid less than the mileage rate established by the Internal Revenue Service for standard business mileage for the year the expense was incurred ($.28 per mile at the time of the complaint, $.29 now). Significantly, the class definition is not limited to those who traveled by private automobile.

■ Typicality requires that the class representative claims be typical of the class and that the class claims are encompassed by the named plaintiffs' claims. This requirement is usually met "[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented ... irrespective of varying fact patterns which underlie individual claims." 1 H. Newberg, *Newberg on Class Actions* § 3–13 at 3–77 (3d ed. 1992). However, if the named plaintiffs have considerations that are unique and which may be dispositive, class certification may be denied. *See Robinson v. Lynmar Racquet Club, Inc., supra; Berco Resources, Inc. v. Louisiana Land & Exploration Co.,* 805 P.2d 1132 (Colo.App.1990).

Section 10–4–706(1)(b), C.R.S. (1994 Repl. Vol. 4A) requires compensation "for payment of all reasonable and necessary expenses for medical ... and non-medical remedial care and treatment ... for bodily injury arising out of the use or operation of a motor vehicle."

■ Interpretation of a statute is a question of law. *Colorado Division of Employment & Training v. Parkview,* 725 P.2d 787 (Colo.1986). However, what is "reasonable and necessary" may depend upon the particular circumstances of individual cases. *See Blankenship v. Iowa National Mutual Insurance Co.,* 41 Colo.App. 430, 588 P.2d 888 (1978) (whether chiropractic treatments were reasonable and necessary pursuant to § 10–4–706(1)(b) was a jury question); *see also K–Partners III, Ltd. v. WLM Hospitality Corp.,* 883 P.2d 604 (Colo.App.1994) (reasonableness of fees and expenses of receiver appointed by court raises fact question); *Ruffing v. Lincicome,* 737 P.2d 440 (Colo. App.1987) (reasonableness of attorney fees for frivolous and groundless action is committed to sound discretion of the trial court); *People v. Cuevas,* 740 P.2d 25 (Colo.App. 1987) (whether use of force was necessary and reasonable is a question for the jury).

■ Use of the term "expenses" in § 10–4–706(1)(b) necessarily means that reimbursement should be limited to the actual costs of transportation. *See Webster's Third New International Dictionary* 800, 1433 (1986) (defining the term "expense" as including "the financial burden involved typically in a course of action or manner of living" and the term "mileage" as "an allowance for traveling expenses at a certain rate per mile"); *see also In re Interrogatories Concerning S.B. 121,* 168 Colo. 558, 452 P.2d 391 (1969); *Allstate Insurance Co. v. Smith, supra.*

■ In this context, the costs of transportation would vary in accordance with the needs of each person. Accordingly, while one person may have a personal vehicle at his disposal, others may have to rely on public transportation or the services of a taxi in order to obtain treatment. In addition, even though the medical treatment obtained by the insured may be reasonable and necessary, the costs of transportation to and from the provider may not. The insured may, for instance, choose to obtain treatment from an out-of-town provider when a local one could render the same service.

Plaintiffs' argument that the typicality requirement is satisfied is premised, in part, on the assertion that, as a matter of law, $.28 per mile, the amount the Internal Revenue Service (IRS) permits as a business deduc-

tion for automobile expenses, is a "reasonable and necessary" amount under the Reparations Act. While this assertion is directed more to the merits of the action than certification as a class action, we will address it. We are persuaded that the establishment of such a rate is not within the province of the courts.

While a flat rate per mile for travel by personal vehicle may be appropriate for administrative purposes, and is in fact the practice of the majority of the insurance companies here, the General Assembly has not chosen to dictate what amount is reasonable. We consider it inappropriate judicially to legislate a specific rate as reasonable in all cases. We also consider it inappropriate for the courts to determine that the rates currently being paid by most of the insurers are, in all instances, unreasonable. In addition, were the courts to determine a flat rate per mile to be reasonable, that would not satisfy the additional requirement in each case that the expense also be necessary.

In addition, the plaintiffs' assert class action claims for (1) bad faith breach of insurance contract claim, (2) willful and wanton failure to pay insurance benefits, and (3) exemplary damages. These claims are, of necessity, highly individualized as to both the plaintiff and defendant insurance company with respect to both liability and amount.

Therefore, for the foregoing reasons, we conclude that the trial court did not abuse its discretion in determining that the named plaintiffs' claims were not typical of the class and in denying class certification. *See Robinson v. Lynmar Racquet Club, Inc., supra; Darnall v. City of Englewood,* 740 P.2d 536 (Colo.App.1987).

### III.

In a related argument, plaintiffs contend that the trial court erred in dismissing the class certification claim without permitting them to conduct additional discovery. We disagree.

Here, plaintiffs have not articulated, except in a very general way, what additional discovery would help them establish that the claims should be certified as a class action.

Prior to argument, plaintiffs did not refer us to any discovery request that they contended would help them define class certification issues.

Our review of the record discloses that the interrogatories which were served on the insurance companies were uniform in content. These interrogatories, in our view, propounded only one question addressing issues regarding class certification, and that interrogatory dealt primarily with numerosity which was conceded before the trial court and on appeal.

Accordingly, we conclude that additional discovery would not have been helpful and would have caused unnecessary hardship on the insurance companies as the expense of such discovery would have been borne almost exclusively by them. Therefore, because we find no abuse of discretion, we will not disturb the trial court's order limiting discovery. *See Robinson v. Lynmar Racquet Club, Inc., supra.*

### IV.

On cross-appeal, GEICO and State Farm contend that the trial court erred in not ruling that their insureds' claims were subject to mandatory arbitration. We agree.

In 1989, the General Assembly enacted legislation, effective January 1, 1990, requiring binding arbitration with respect to disputes regarding the payment of benefits under § 10–4–706. *See* Colo.Sess.Laws 1989, ch. 82, § 10–4–708(1.5) at 458–59. In 1991, the General Assembly amended this section so that arbitration became permissive rather than mandatory. *See* § 10–4–708(1.5), C.R.S. (1994 Repl.Vol. 4A). The amendment specified an effective date as follows:

> This act shall take effect July 1, 1991, and shall apply to services provided under and disputes related to policies issued on or after July 1, 1991, ... and to acts occurring on or after said date.

*See* Colo.Sess.Laws 1991, ch. 203, § 6 at 1191.

Here, GEICO's insured, Jackie Wallace, was involved in an accident on September 30, 1991, under a policy issued on May 28, 1991.

State Farm's insured, Christopher Coleman, was involved in an accident on July 3, 1991, under a policy issued prior to July 1, 1991. The trial court ruled that because the accidents occurred after July 1, 1991, the insureds were not subject to binding arbitration even though the policies were issued prior to July 1, 1991.

Plaintiffs argue that because the "acts complained of," incurrence of mileage expense in obtaining authorized medical services, occurred after July 1, 1991, the trial court was correct in its ruling. We disagree.

A division of this court held in *Warwick v. State Farm Mutual Automobile Insurance Co.*, 886 P.2d 323 (Colo.App.1994), decided after the trial court's ruling, that the 1991 amendments to the arbitration statute were intended to apply only to policies issued after the effective date of the amendment. That holding is, in our view, dispositive of the issue. Accordingly, we conclude that the trial court erred in not dismissing the claims of both GEICO and State Farm's insureds as they are subject to mandatory arbitration.

The judgment is affirmed in all respects, except as to the portion concerning mandatory arbitration for the insureds of GEICO and State Farm. That portion of the judgment is reversed, and the cause is remanded to the trial court with directions to dismiss the claims of Jackie Wallace against GEICO and Christopher Coleman against State Farm, and for further proceedings with respect to the other individual claims.

STERNBERG, C.J., and DAVIDSON, J., concur.