ALLSTATE INSURANCE COMPANY,
Petitioner,

v.

Melanie SMITH, Respondent.

No. 94SC384.

Supreme Court of Colorado,
En Banc.

Sept. 25, 1995.

Zupkus & Ayd, P.C., Patricia M. Ayd, Stefan Kazmierski, Greenwood Village, for Petitioner.

Dallas, Holland & O'Toole, P.C., Neil D. O'Toole, Denver, for Respondent.

McDermott, Hansen & Reilly, William J. Hansen, Denver, for Amicus Curiae Colorado Trial Lawyers' Association.

SCOTT, Justice, delivered the Opinion of the Court.

We granted certiorari in *Allstate Insurance Co. v. Smith*, 879 P.2d 458 (Colo.App. 1994), to decide whether the court of appeals erred in concluding that mileage costs for transportation to and from health care providers for the treatment of injuries arising from an automobile accident are compensable under the Colorado Auto Accident Reparations Act (Act). Because we conclude that such transportation expenses are "reasonable and necessary expenses" for medical services, we affirm the judgment of the court of appeals and return this case to that court for remand to the trial court for further proceedings.

## I

There is no dispute among the parties as to the facts. On May 5, 1991, respondent Melanie Smith was injured in an automobile accident. At the time of the accident, Smith was insured by petitioner Allstate Insurance Company (Allstate) under a complying no-fault policy.[1] Smith submitted a claim for personal injury protection (PIP) benefits to Allstate, which included a request for reimbursement of travel expenses to and from her health care provider. Allstate paid those expenses required under section 10–4–706(1)(b), 4A C.R.S. (1994). However, Allstate refused to pay for Smith's travel expenses. Allstate then filed this action for declaratory judgment to determine whether it has an obligation to pay medical transportation expenses under the Act.

The trial court entered summary judgment in favor of Allstate, holding that transportation expenses are "subsistence costs" not covered by section 10–4–706(1)(b). The court of appeals reversed, holding that mileage costs for transportation to and from health care providers for the treatment of injuries arising from an automobile accident are reasonable and necessary expenses for medical and nonmedical remedial care treatment and are compensable under the Act. *Allstate*, 879 P.2d at 459. The court of appeals found that "transportation costs are directly related to obtaining necessary medical care" and "travel to and from health care providers is an essential element of medical treatment." *Id.* We agree.

## II

In construing statutory provisions we should give effect to the intent of the General Assembly. *PDM Molding, Inc. v. Stanberg*, 898 P.2d 542, 545 (Colo.1995) (citing *Shapiro & Meinhold v. Zartman*, 823 P.2d 120, 123–24 (Colo.1992)). We must "first look to the statutory language itself, giving words and phrases their commonly accepted and understood meaning." *Id.* at 545. Where the language of a statute is plain and the meaning is clear, we need not

resort to interpretive rules of statutory construction, but must apply the statute as written. *Id.; Martin v. Montezuma–Cortez Sch. Dist. RE–1*, 841 P.2d 237, 246 (Colo.1992). Words and phrases utilized in a statute should be given effect according to their plain and ordinary meaning because we presume the General Assembly meant what it said. *PDM Molding*, 898 P.2d at 545 (citing *Griffin v. S.W. Devanney & Co., Inc.*, 775 P.2d 555, 559 (Colo.1989)); *see also Engelbrecht v. Hartford Accident & Indem. Co.*, 680 P.2d 231, 233 (Colo.1984). Our inquiry is best informed, therefore, by resort to the plain language of the Act.

## III

### A

The Act governs compensation without regard to fault for injuries arising from an automobile accident. The Act's legislative declaration provides:

The general assembly declares that its purpose in enacting this part 7 is *to avoid inadequate compensation* to victims of automobile accidents; to require registrants of motor vehicles in this state to procure insurance covering legal liability arising out of ownership or use of such vehicles and also *providing benefits to persons occupying such vehicles and to persons injured* in accidents involving such vehicles.

§ 10–4–702, 4A C.R.S. (1994) (emphasis added); *see also Saint Luke's Hosp. v. Industrial Comm'n*, 142 Colo. 28, 32, 349 P.2d 995, 997 (1960) ("Perhaps the best guide to [legislative] intent is the declaration of policy which frequently forms the initial part of an enactment."). The Act should be liberally construed to further its remedial and beneficent purposes. *Travelers Indem. Co. v. Barnes*, 191 Colo. 278, 283, 552 P.2d 300, 304 (1976). The legislative intent and policy behind the Act are to maximize, not minimize insurance coverage, *Meyer v. State Farm Mut. Auto. Ins. Co.*, 689 P.2d 585, 593 (Colo. 1984); *Williams v. Farmers Ins. Group,*

---

1. Under the Act, a "complying policy" means a policy of insurance which provides coverages that conform to the terms and conditions required by the Act and Colorado law. § 10–4–703(2), 4A C.R.S. (1994).

*Inc.,* 781 P.2d 156, 159 (Colo.App.1989), *aff'd,* 805 P.2d 419 (Colo.1991), and to ensure that persons injured in automobile accidents are fully compensated for their injuries. *Sulzer v. Mid–Century Ins. Co.,* 794 P.2d 1006, 1008 (Colo.1990). The basic purpose of the Act "is to avoid inadequate compensation to victims of automobile accidents." § 10–4–702, 4A C.R.S. (1994); *Jensen v. American Family Mut. Ins. Co.,* 683 P.2d 1212, 1213 (Colo. 1984).

■　Section 10–4–706(1)(b), 4A C.R.S. (1994), of the Act states:

(1) Subject to the limitations and exclusions authorized by this part 7, the minimum coverages required for compliance with this part 7 are as follows:

. . . .

(b) Compensation without regard to fault, up to a limit of fifty thousand dollars per person for any one accident, for payment of *all reasonable and necessary expenses for medical,* chiropractic, optometric, podiatric, hospital, nursing, X-ray, dental, surgical, ambulance, and prosthetic *services,* and non-medical remedial care and treatment rendered in accordance with a recognized religious method of healing, performed within five years after the accident for bodily injury arising out of the use or operation of a motor vehicle. . . .

(Emphasis added.)

By establishing minimum coverages, the General Assembly crafted a compensation scheme requiring insurers to pay all the medical expenses which the insured incurred by reason of an accident arising out of the use of a motor vehicle. *United States v. Criterion Ins. Co.,* 198 Colo. 132, 596 P.2d 1203, 1205 (1979). The Act specifically requires "payment of all reasonable and necessary expenses for" medically related services. § 10–4–706(1)(b). We have held that the term "for" means "indicating the cause, motive, or occasion of an act, state or condition." *American Ins. Co. v. Naylor,* 103 Colo. 461, 87 P.2d 260, 265 (1939); *see also* Black's Law Dictionary 644 (6th ed. 1990) (defining "for" as "[b]y reason of; with respect to; for benefit of; for use of; in consideration of; the cause, nature or occasion of an act, state or condition"); *see also* Random House Web-

ster's College Dictionary 519 (1992) (defining "for" as "intended to belong or be used in connection with"). Section 10–4–706(1)(b) covers an expense if it is both reasonable and necessary, and causally related to, or incurred in connection with a medically related service. The petitioner has not questioned whether Smith's claims are reasonable or necessary; therefore, we focus our inquiry on whether such expenses are causally related to or incurred in connection with medical services.

In the modern health care system, travel to and from health care providers is an essential element of medical treatment. The cost of transportation to and from a medical provider is causally related to medical services. Without such transportation, the injured party could not obtain necessary medical treatment. Moreover, the cost of transportation expenses is especially burdensome in the case of rural residents who may have to travel significant distances to obtain medical services. For citizens living miles from our cities the inability to obtain compensation for transportation expenses may result in life sustaining medical treatment being unavailable.

Furthermore, had the accident not occurred, the insured would not incur these costs. The statute permits an insured to recover incidental costs of obtaining medical care so long as such costs are reasonable and necessary. Because Smith's transportation expenses were incurred for medical treatment arising out of the accident, we hold that her transportation expenses should be reimbursed under the Act.

**B**

Citing *Sulzer v. Mid–Century Insurance Co.,* 794 P.2d 1006 (Colo.1990), the petitioner urges that we reverse the judgment of the court of appeals. Our holding today, however, is not contrary to our decision in *Sulzer.* In *Sulzer,* we held that section 10–4–706(1)(c), 4A C.R.S. (1994), which requires compensation for "the cost" of "rehabilitation procedures or treatment and rehabilitative occupational training" programs, does not include coverage for "subsistence costs" in con-

nection with rehabilitative occupational training programs. *Sulzer*, 794 P.2d at 1009. In *Sulzer*, we concluded that if the legislature had intended to provide compensation for subsistence costs "it certainly had the opportunity to do so." *Id.* Construing section 10-4-706(1)(c) of the Act, we stated "it cannot be concluded that legislative silence with respect to subsistence benefits in relation to rehabilitative occupational training programs is equivalent to legislative oversight." *Id.*

Section 10-4-706(1)(b) is not as narrowly drawn as section 10-4-706(1)(c). Section 10-4-706(1)(b) does not apply to the "cost of" medical services. Instead, it is more broadly crafted so as to include compensation for "all reasonable and necessary expenses for medical ... services."[2] Because the language used in section 10-4-706(1)(b) materially differs from that used in section 10-4-706(1)(c), we conclude the legislature did not intend identical results. Consequently, our holding in *Sulzer*, interpreting section 10-4-706(1)(c), is not binding precedent for our construction of section 10-4-706(1)(b).

## IV

We conclude the Act's remedial purpose and its plain language compel a finding that travel expenses necessary to obtain medical services are compensable under section 10-4-706(1)(b). Mileage costs for travel to and from health care providers for treatment of injuries arising from an automobile accident are expenses for medical services that must be paid by the insurer under the Act. Accordingly, we affirm the judgment of the court of appeals and return this case to that court with directions that it remand this case to the trial court with instructions to vacate the order of summary judgment and to conduct further proceedings not inconsistent with this opinion.

2. While we need not look further than the plain and unambiguous language of the Act, the tax treatment of transportation expenses as part of deductible medical costs provides additional support for our construction of section 10-4-706(1)(b). Under the tax code, "transportation primarily for and essential to" medical services is deductible from gross income as medical care. *See* 26 U.S.C. § 213(d)(1) (1988) (the term "medical care" includes amounts paid for transportation primarily for and essential to medical care). At the time the General Assembly crafted section 10-4-706(1)(b) of the Act, Colorado recognized transportation expenses, a component of "medical care," as a deduction under federal and Colorado tax law. §§ 39-22-102, -104, 16B C.R.S. (1994). By utilizing similar language under the Act, the General Assembly must have intended to treat "transportation expenses," here mileage costs, as it would medical services—making expenses for both compensable. In addition, at least one commentator has relied upon tax law for determining insurance reimbursement. *See* Eileen Swarbick, *No–Fault and Uninsured Motorist Automobile Insurance* § 11.20[4][m] (1993) (relying upon the tax code as "a good general guide as to whether or not travel expenses are reasonable").