Cherol ACREE, a/k/a Cherol Boothe, Plaintiff–Appellant,

v.

MID–CENTURY INSURANCE, Defendant–Appellee.

No. 97CA0389.

Colorado Court of Appeals, Div. I.

May 28, 1998.

Rehearing Denied July 30, 1998.

Certiorari Denied Feb. 16, 1999.

Dawes and Harriss, P.C., Tracy J. Cross, Durango, for Plaintiff–Appellant

Elder and Phillips, P.C., Keith Boughton, Grand Junction, for Defendant–Appellee

Opinion by Judge METZGER.

In this action to recover personal injury protection (PIP) benefits, plaintiff, Cherol Acree, appeals the summary judgment entered in favor of defendant, Mid–Century Insurance (insurer). We reverse and remand for further proceedings.

Plaintiff was injured in an automobile accident in 1990 and timely received PIP benefits from insurer. In 1995, her physician wrote a letter to insurer stating:

> [Plaintiff's] longstanding Myofascial Pain Syndrome is again evident.... [Plaintiff] could potentially receive adequate therapeutic benefit from Hydrotherapy and avoid the need for future injections. Unfortunately, a simple Jacuzzi-type jet attached to a regular bathtub is inadequate to treat the area of involvement in her upper back and neck. I strongly recommend that she obtain a Jacuzzi-type Hot tub in which she can fully submerse her entire body once or twice a day in order to achieve maximum therapeutic benefit. The alternatives are long-term physical therapy and medications which are potentially much more costly and less effective....

The physician then wrote a prescription for a "Jacuzzi hot tub large enough for total body submersion for chronic muscle spasms and myofascial pain syndrome." Insurer offered to pay for hot tub therapy, but plaintiff rejected this overture. She advised insurer that, in her sparsely populated area, there was only one hot tub in town that was available for public use. That hot tub was located at a motel, and was available for public use only until 2:00 p.m.; plaintiff's employment schedule required her to work past 2:00 p.m. Plaintiff then submitted to insurer a copy of her physician's prescription and an invoice for the purchase of a hot tub, but insurer refused to pay.

Thereafter, plaintiff filed this action seeking to require insurer to pay for the hot tub. Insurer denied that payment was required, relying on § 10–4–706(1)(c)(II)(A), C.R.S. 1997, which requires that a procedure, treatment, or course of rehabilitation must meet the following standards:

> A healing art procedure or treatment which, for the purposes of this part 7, shall include any system, treatment, operation, diagnosis, prescription, or practice for the prevention, ascertainment, cure, relief, palliation, adjustment, or correction of any human disease, ailment, deformity, injury, or unhealthy or abnormal physical or mental condition, or any other nonmedical care or treatment rendered in accordance with a recognized religious method of healing.

Insurer argued that, in order for a hot tub to be covered by that statute, it would have to be an item that had to be ordered by prescription. Citing to § 12–22–102(22.5)(a), C.R.S.1997, insurer asserted that a prescription "order" means "any order, other than a chart order, authorizing the dispensing of a single drug or device that is written ... by the practitioner...." It noted that § 12–22–102(27), C.R.S.1997, defines "practitioner" as a person authorized by law to prescribe any

drug or device. And, it relied on § 12–22–102(8), C.R.S.1997, which defines "device" as: "an instrument, apparatus, machine, contrivance, or implant or a similar or related article other than a drug, including any component part or accessory. . . ." Thus, insurer argued, because a hot tub is not an item which requires a written order from a practitioner, nor is a hot tub required by either state or federal law to be prescribed by a practitioner and dispensed by a pharmacist, purchase of a hot tub is not required under § 10–4–706(1)(c)(II)(A).

The trial court adopted insurer's argument and entered summary judgment in its favor.

Plaintiff argues that the trial court construed § 10–4–706(1)(c)(II)(A) too restrictively and that it erred in determining that hot tubs should be excluded from coverage as a matter of law. Instead, she asserts, she is entitled to present evidence that the hot tub is a "system, treatment, prescription, . . . or practice for the prevention . . . cure, relief, palliation . . . or correction of any human . . . ailment . . . injury, or unhealthy or abnormal physical . . . condition. . . ." We agree.

When reviewing a summary judgment, we are required to determine whether there is a clear showing that no genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). In making this determination, all doubts as to the existence of a triable factual issue must be resolved against the moving party, *Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo.1985), and the opposing party is given the benefit of all favorable inferences that may be drawn from the facts. *Kaiser Foundation Health Plan of Colorado v. Sharp*, 741 P.2d 714 (Colo. 1987).

■ The basic purpose of the No-fault Act, as declared by the General Assembly, is "to avoid inadequate compensation to victims of automobile accidents. . . ." Section 10–4–702, C.R.S.1997. Thus, the legislative intent and policy underlying this Act seek to maximize, not minimize, insurance coverage and to ensure that persons injured in automobile accidents are fully compensated for their injuries. Therefore, we must construe the Act liberally to further its remedial and beneficent purposes. *Allstate Insurance Co. v. Smith*, 902 P.2d 1386 (Colo.1995).

Under the No-fault Act, insurers are required to provide PIP coverage up to a limit of $50,000 for all reasonable and necessary medical expenses, and up to $50,000 for all reasonable and necessary rehabilitation procedures and treatments. Section 10–4–706(1), C.R.S.1997.

■ To deny a claimant, such as plaintiff, relief from pain would be violative of the clear purpose of § 10–4–702 to avoid inadequate compensation to victims of automobile accidents. In our view, even if a hot tub may not be a prescription item, it may be a system, treatment, or practice for the prevention, cure, relief, palliation, or correction of pain. Thus, to deny claimant coverage here as a matter of law would be tantamount to a determination that pain is not a human ailment, injury, or unhealthy or abnormal physical condition.

■ Thus, we agree with plaintiff that the determination whether insurer should be required to purchase a hot tub to alleviate her pain is a question of fact to be resolved by consideration of all the facts and circumstances in light of § 10–4–706(1)(c)(II)(C), C.R.S.1997 ("A procedure, treatment, or training shall contribute substantially to rehabilitation.") and § 10–4–706(1)(c)(II)(D), C.R.S.1997 ("The cost of a procedure, treatment, or training shall be reasonable in relation to its probable rehabilitative effects.").

The summary judgment is reversed and the cause is remanded for further proceedings.

PLANK and TAUBMAN, JJ., concur.