David SHULMAN, Plaintiff–Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant–Appellee.

No. 98CA0708.

Colorado Court of Appeals,
Div. V.

Aug. 19, 1999.*

Rehearing Denied Oct. 28, 1999.

Certiorari Denied May 15, 2000.

Ruh & Associates, LLC, Richard P. Ruh, Denver, Colorado, for Plaintiff–Appellant.

* Prior opinion announced July 1, 1999, WITHDRAWN.

Faegre & Benson, LLP, Michael S. McCarthy, K. Megan Doberneck, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge ROY.

In this no-fault automobile insurance coverage dispute, plaintiff, David Shulman (Insured), appeals a partial summary judgment entered in favor of State Farm Mutual Automobile Insurance Company (State Farm). We affirm.

The following facts are undisputed. In January of 1996, Insured was involved in an automobile accident which resulted in only minor property damage. Insured, however, sustained injuries and incurred medical bills for treatment which he tendered to State Farm for payment.

Insured's insurance coverages included Personal Injury Protection (PIP) up to $50,000 for all reasonable and necessary expenses incurred in connection with treatment received within five years after an accident arising out of the use or operation of an automobile. The policy required, as a condition precedent to the payment of PIP benefits, that the Insured submit to an examination by a physician selected, paid, and reasonably requested, by State Farm.

Because there was only minor property damage and Insured had a history of chronic medical symptoms similar to those resulting from the accident, State Farm exercised its option under the policy to have Insured submit to an examination. Upon completing his examination, the examining physician expressed an opinion that further chiropractic treatment was not therapeutically reasonable or necessary. Based on that opinion, State Farm agreed to pay, and paid, Insured's medical expenses incurred prior to the opinion, but issued a letter indicating that it would not pay for any further chiropractic expenses absent additional information supporting their necessity.

Insured continued chiropractic treatment, and State Farm again asked for an examination, following which the examining physician opined that Insured required only "limited, additional physical therapy." As a result, State Farm paid for some additional chiropractic treatment but refused any further payments.

Thereafter, Insured commenced these proceedings seeking payment for unpaid medical bills pursuant to the Colorado Auto Accident Reparations Act (the Act), § 10–4–701, et seq., C.R.S.1998, and damages for the willful and wanton denial of PIP benefits and for bad faith breach of insurance contract. Insured filed the original complaint as a class action on behalf of himself and all others similarly situated.

Both parties recognized that the central issue in the case involved a question of law and agreed that they would seek a resolution of that issue before resolving the issue of class certification. Thus, Insured amended his complaint to add a claim for declaratory relief on the issues of: (1) whether an insurer has the authority to deny benefits unilaterally because it concludes an expense is medically or therapeutically unnecessary and unreasonable; and (2) whether an insurer, having the authority to deny benefits unilaterally, must prove that the treatment failed to comply with the standards articulated in §§ 10–4–708.6(1)(a)(II) and (III), C.R.S.1998, prior to denying benefits.

Both parties moved for summary judgment. The trial court granted State Farm's motion and certified its order as final under C.R.C.P. 54(b). This appeal followed.

I.

Insured first contends that the trial court erred in concluding that an insurer could terminate benefits because its examining physician determined that the unpaid medical expenses were either medically or therapeutically unnecessary or unreasonable. We disagree.

An appellate court's review of a summary judgment is de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

The purpose of the Act is to maximize, not minimize, insurance coverages and to ensure that persons injured in automobile accidents are fully compensated for the injuries they sustain. Thus, we construe and

apply the Act to further its remedial and beneficent purposes. *Allstate Insurance Co. v. Smith,* 902 P.2d 1386 (Colo.1995).

■■■ Also, in construing a statute, we give effect to the intent of the General Assembly whenever possible, and to determine that intent, we look first to the statutory language. *People v. Terry,* 791 P.2d 374 (Colo.1990). The statute should be construed as a whole, giving consistent, harmonious, and sensible effect to all of its parts. *See City of Grand Junction v. Sisneros,* 957 P.2d 1026 (Colo.1998). A court must also give effect to every word of an enactment if possible. *Johnston v. City Council,* 177 Colo. 223, 493 P.2d 651 (1972).

The statute at issue here, § 10–4–706(1)(b), C.R.S.1998, requires an insurer to pay:

> Compensation without regard to fault, up to a limit of fifty thousand dollars per person for any one accident, *for payment of all reasonable and necessary expenses for medical . . . and non-medical remedial care and treatment . . .* performed within five years after the accident for bodily injury arising out of the use or operation of a motor vehicle . . . . (emphasis added)

The ultimate legal question is whether the Act permits an insurer to deny a claim for no-fault benefits based on an examining physician's opinion that the medical expenses are not therapeutically reasonable and necessary. We conclude that, with or without a supportive opinion from an examining physician, an insurer may unilaterally deny payment of PIP claims. At the same time, however, the Act also provides the insured remedies in the event the insurer fails to pay a claim and penalties are available in the event the failure to pay was willful and wanton. *See* § 10–4–708(1), (1.5), C.R.S.1998.

Insured argues that the statute permits an insurer to determine whether the cost of treatment is excessive, and therefore unreasonable, but not whether the treatment is medically necessary. State Farm maintains that the expenses must not only be reasonable in amount, but the treatment must also be accident-related and medically necessary. We agree with State Farm.

In our view, the clear meaning of the emphasized phrase quoted above contemplates a payment of medical expenses that is both reasonable, as that term pertains to cost, and medically necessary for the treatment of accident-related injuries.

The interpretation asserted by Insured would read "reasonable and necessary" as synonymous terms limiting the amount of expense incurred in providing treatment, regardless of whether the treatment is medically necessary, and would not give effect to every word of the enactment. *See Johnston v. City Council, supra.*

Furthermore, to so hold would, as Insured advocates, require an insurer to sue the provider and/or the injured party for a refund of excessive costs and would lead to the absurd result of creating unnecessary litigation and expense involving multiple parties beyond the insurer and insured. *See State Farm Mutual Automobile Insurance Co. v. Peiffer,* 955 P.2d 1008 (Colo.1998) (recognizing that one of the primary purposes of the Act was to decrease the volume of tort litigation arising out of automobile accidents).

Our construction of the Act is consistent with the statutory remedy available to the insured in the event the insurer fails to pay causally connected reasonable and necessary medical expenses. Section 10–4–708, C.R.S. 1998, requires arbitration of any disputes involving the payment of PIP benefits, the award of attorney fees to the insured if the insured is required to pay any overdue benefits, and treble damages in the event it is found that the failure of the insurer to pay the benefits in a timely manner was willful and wanton. In addition, the insurer faces the possibility of a tort claim for bad faith breach of the insurance contract exposing it to consequential and punitive damages. *See Dale v. Guaranty National Insurance Co.,* 948 P.2d 545 (Colo.1997).

Our construction is further supported by the opinion in *Klein v. State Farm Mutual Automobile Insurance Co.,* 948 P.2d 43 (Colo. App.1997), in which a division of this court held that in the context of the Act, the treatment itself must be reasonable and necessary.

Insured relies on *Allstate Insurance Co. v. Smith, supra,* for the proposition that the Act's remedial purpose and its plain language compel a finding that expenses necessary to obtain medical services are compensable under § 10–4–706(1)(b). *Smith* further states that § 10–4–706(1)(b) covers an expense if it is both reasonable and necessary, and causally related to, or incurred in connection with a medically related service. Insured contends that this language supports his argument that the phrase "reasonable and necessary" modifies expenses and not the care. However, *Smith* is inapposite because the question at issue there was whether travel expenses were causally related to, or incurred in connection with, medical services and not whether the insured's claims were reasonable or necessary.

Accordingly, we hold that an insurer may unilaterally cease the payment of submitted PIP claims when it determines that the treatment is no longer medically necessary. *See Burgess v. Mid–Century Insurance Co.,* 841 P.2d 325 (Colo.App.1992) (insurer has no obligation to pay for non-covered expenses and has wide latitude to investigate claims and to resist false or unfounded efforts to obtain insurance funds).

We are not persuaded by Insured's remaining arguments on this issue.

Therefore, the granting of the partial summary judgment was proper.

## II.

Insured next argues that if the necessity and reasonableness of a particular treatment is a relevant issue between the insurer and the insured, the insurer must nevertheless continue to pay benefits until it could demonstrate that a particular treatment did not meet the standards set forth in §§ 10–4–708.6(1)(a)(II) and (III), C.R.S.1998. As such, Insured contends that the trial court erroneously granted State Farm's motion for partial summary judgment. We disagree.

Once again, our review of a summary judgment is de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board, supra.*

Section 10–4–708.6(1)(a) defines the obligations of persons providing services under the Act. It provides, in pertinent part:

In addition to the standards set forth in section 10–4–706, it shall be the obligation of any health care practitioner or health care practitioner organization providing services for which compensation is provided under section 10–4–706(1)(b) to (1)(e) or alternatively, as applicable, section 10–4–706(2) or (3), to assure, to the extent of such person's authority, that services or items ordered or provided by such person to beneficiaries and recipients under this part 7:

(I) Will be provided economically and only when, and to the extent, medically reasonable and necessary;

(II) Will be of a quality which meets professionally recognized standards of health care; and

(III) Will be supported by evidence of medical necessity and quality in such form and fashion and at such time as may reasonably be required by law, including a peer review or utilization and quality control organization

. . . .

To determine the intent of the General Assembly in enacting a statute, we construe statutory terms in accordance with their plain and ordinary meaning. When, as here, the statutory language is clear, we need not employ interpretive rules of statutory construction. *See Farmers Insurance Exchange v. Dotson,* 913 P.2d 27 (Colo.1996).

As the trial court correctly observed, the plain language of this section indicates that its provisions apply only to health care providers who render treatment to insureds under the Act. Nowhere in this section does it establish a standard for regulating the actions of an insurer in reviewing and denying a payment of benefits.

As we discussed above, an insurer, at some risk, may cease paying submitted PIP claims if it determines that the charges are not reasonable or the treatment is not medically necessary. In doing so, an insurer need not first establish that the treatment failed to comply with the standards set forth in § 10–

4–708.6. Instead, an insurer assumes the risk that it may later be held accountable under tort or a statutory claim brought by the insured for improperly denying benefits.

Accordingly, we hold that § 10–4–708.6 is inapplicable to an insurer in making a determination of whether to cease payment of submitted PIP claims under the Act. We therefore conclude that the granting of the partial summary judgment was proper.

Judgment affirmed.

Judge ROTHENBERG and Judge TAUBMAN, concur.