This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    **Plaintiff-Appellee,**

v.                                  **NO. 29,344**

**SEFERINA COLWELL,**

    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

    Defendant appeals her conviction after a jury trial of battery against a household

member contending the district court erred in not allowing her to present facts relevant to her defense. We issued a calendar notice proposing to summarily affirm the district court. Defendant filed a timely memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**DISCUSSION**

Defendant claims that the district court erred in not allowing defense counsel to present evidence that Defendant's relationship with her stepdaughter was strained due to incest allegations against Defendant's husband. [DS 2-4; MIO 4] Defendant raises this issue pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [DS 6; MIO 5] Our calendar notice noted that it was not clear how the district court prevented Defendant from presenting facts relevant to this alleged defense. [CN 2] In response, Defendant claims that the trial court ruled that Defendant could not go into the family relationship as it pertained to the incest allegations. [MIO 4] Because trial counsel cannot recall if any objection was made to this ruling, Defendant asks us to review this issue for plain error. [Id. 4-5]

"[T]his court may review evidentiary questions although not preserved if the admission of the evidence constitutes plain error. The plain-error rule, however, applies only if the alleged error affected the substantial rights of the accused." *State*

*v. Contreras*, 120 N.M. 486, 492, 903 P.2d 228, 234 (1995), *limited on other grounds as recognized by State v. Rackley*, 2000-NMCA-027, ¶ 25,128 N.M. 761, 998 P.2d 1212. We are not persuaded that plain error occurred in this case.

Defendant contends that if the jury had heard all of the facts surrounding the incest charge against Defendant's husband, it would have seen that Defendant was a prisoner of her husband's will. [MIO 5-6] Thus, Defendant asserts, the jury would have seen that Defendant could not assist counsel and was incompetent in accordance with the jury instruction that was submitted concerning Defendant's competency. [Id.]

We are not persuaded that the district court's ruling prevented Defendant from presenting her theory of defense that she was incompetent to stand trial because she was a prisoner of her husband's will. Based on what Defendant is telling us in the memorandum in opposition, the district court's ruling pertained to the incest allegations. We are not persuaded that the evidence would have demonstrated that Defendant was a prisoner of her husband's will and was therefore incompetent.

Moreover, we are not persuaded that the district court's ruling as it pertained to incest prevented Defendant from presenting evidence relevant to her defense. Defense counsel put Defendant on the stand to show how she was dependent on her husband. [MIO 7] Although Defendant claims she wanted to show that she was a prisoner of her husband's will and was therefore incompetent, Defendant voluntarily

3

chose to refuse to answer questions after her husband invoked his Fifth Amendment right against self-incrimination. [DS 3-4] Thus, we remain persuaded that Defendant chose not to cooperate. We see no basis for an argument that the district court prevented Defendant from presenting facts relevant to her defense. Accordingly, we reject Defendant's argument that the district court's refusal to allow defense counsel to introduce evidence about the incest allegations constituted plain error.

In addition, aside from evidentiary matters, we see no indication that the district court prevented Defendant from presenting a theory that she was unable to assist counsel. The district court granted defense counsel's motion for a continuance to allow Defendant a forensic evaluation to determine competency prior to trial. [RP 108-09, 110] Defendant acknowledges that she refused the second competency evaluation. [MIO 3] Also, the district court gave the jury an instruction requiring it to determine whether Defendant was competent to stand trial. [RP 132] The jury returned a special interrogatory finding she was competent. [Id. 144] Thus, the jury was instructed on Defendant's theory of defense, but found that there was insufficient evidence to support the theory that Defendant was incompetent and unable to assist counsel. Under these circumstances, we are unable to find that the district court committed any error.

**CONCLUSION**

We therefore affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**