This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**                                                    **No. A-1-CA-35976**

**LAWRENCE KOLEK,**

      **Defendant-Appellant**.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**    Lawrence Kolek (Defendant) appeals an order revoking his probation, challenging the sufficiency of the evidence that he violated the conditions of his

probation, asserting that he was not arraigned on an amended motion to revoke, and arguing that the district court abused its discretion by imposing the full six-year sentence contained in his plea agreement. This Court issued a notice of proposed summary disposition, proposing to affirm the order of the district court. Defendant filed a memorandum in opposition, which we have duly considered. As we are unpersuaded by Defendant's arguments, we affirm.

{2}     With regard to the sufficiency of the evidence supporting the district court's findings that Defendant violated his probation, our notice of proposed summary disposition noted that the State presented evidence, in the form of witness testimony, regarding the violations at issue, and also that Defendant's docketing statement did not suggest what specific facts were unsupported by any evidence. [CN 2-3] In his memorandum in opposition to that proposed disposition, Defendant continues his general assertion that the State's evidence was insufficient in some way, and also argues that his own contrary testimony should not be disregarded. [MIO 7-8] That memorandum, however, contains no further description of the evidence offered at the revocation hearing and does not alter this Court's view that—viewed in the light most favorable to the decision of the district court and drawing all reasonable inferences therefrom—there was sufficient evidence to support the revocation of Defendant's probation. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d

176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict."). To the extent that Defendant also asserts that his own exculpatory testimony was given insufficient weight by the district court, we note that it is not the function of this Court to reassess the credibility determinations made by the trier of fact. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (deferring to the district court "when it weighs the credibility of witnesses").

{3}      Defendant also argues that either his right to due process or his right to the effective assistance of counsel was violated as a result of the fact that he was not rearraigned after the State amended its motion to revoke probation in order to assert that Defendant had cut off his GPS monitor and missed an appointment with his probation officer. [MIO 8] Our calendar notice observed that neither theory presented in Defendant's docketing statement would result in a reversal unless Defendant can establish prejudice flowing from the lack of a second arraignment. [CN 4] That calendar notice also pointed out that Defendant does not actually assert he was unaware of the additional allegations that resulted from his actions. [*See* id.] Instead, Defendant merely asserted "that the district court did not 'properly arraign' him and he was not 'properly informed' of the additional allegations." [CN 5] On that basis,

3

our calendar notice proposed to hold that Defendant was not prejudiced by the lack of a formal rearraignment. [Id.] Defendant's memorandum in opposition to that proposal still makes no claim that Defendant was actually unaware of the additional allegations involving the GPS monitor and the missed appointment. Ultimately, despite Defendant's continued assertion that "he might have chosen to attempt to make a deal with the State, rather than proceed to a bench trial[,]" or the similarly hypothetical suggestion that Defendant might have offered the testimony of some unidentified witnesses to prove his innocence, we are unpersuaded that Defendant was prejudiced in any way by the lack of a formal rearraignment. [MIO 10-11]

{4}     With regard to the sentencing, our calendar notice pointed out that Defendant's docketing statement offered no basis from which to conclude that the four probation violations found by the district court failed to support the reimposition of the full sentence contained in Defendant's plea agreement. [CN 5] In his memorandum, Defendant now asserts that the reimposition of that sentence was "disproportionate to the relatively weak evidence presented by the State[,]" and that this was his first alleged probation violation. [MIO 15] We note, however, that there were actually four separate probation violations at issue in this case. [MIO 3] The evidence for one of those violations was Defendant's admission of the violation. [MIO 2] Another of those violations was a violent crime that occurred within five months of being placed on

4

probation. [MIO 1] And the remaining violations involve cutting off his GPS monitor and "not appearing for his monthy probation appointment." [MIO 2] We do not believe that the district court abused its discretion by reimposing the entire sentence contained in Defendant's plea agreement.

{5}     Defendant's memorandum in opposition does not provide new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Defendant has not done so.

{6}     Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the order of the district court.

{7}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**STEPHEN G. FRENCH, Judge**

5

_____

**EMIL J. KIEHNE, Judge**