STATE V. OWENS

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**JONATHAN D. OWENS,**
**Defendant-Appellant.**

NO. A-1-CA-35127

COURT OF APPEALS OF NEW MEXICO

February 5, 2019

APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY, J.C. Robinson, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Maris Veidemanis, Assistant Attorney General, Santa Fe, NM, for Appellee

L. Helen Bennett, P.C., Linda Helen Bennett, Albuquerque, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: J. MILES HANISEE, Judge, JULIE J. VARGAS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**     Jonathan D. Owens (Defendant) appeals his convictions for two counts of attempting to commit extortion, two counts of aggravated assault with a deadly weapon, and the firearm enhancements imposed on each of the aggravated assault counts. This

Court's second calendar notice proposed to reverse, in part, and affirm, in part. The State and Defendant both filed a memorandum in opposition to this Court's proposed disposition. Not persuaded by either, we issued a memorandum opinion affirming the sufficiency of evidence to support Defendant's convictions but reversing each of the firearm enhancements. *See State v. Owens*, No. 35,127, mem. op. (N.M. Ct. App. Mar. 7, 2017) (non-precedential). We relied on *State v. Branch*, 2016-NMCA-071, 387 P.3d 250, *opinion withdrawn and superseded*, 2018-NMCA-031, 417 P.3d 1141, to hold that the firearm enhancement of Defendant's sentence violated double jeopardy. *See Owens*, No. 35,127, mem. op. ¶ 2. Our Supreme Court granted a writ of certiorari on April 14, 2017. Order at 1, *State v. Owens*, No. S-1-SC-36335 (April 14, 2017). On December 18, 2017—after quashing a writ of certiorari in *Branch* and remanding to this Court for consideration of our Supreme Court's opinion in *State v. Baroz*, 2017-NMSC-030, 404 P.3d 769, which decided issues related to whether firearm enhancements on sentences for aggravated assault with a deadly weapon violated double jeopardy—the Supreme Court remanded this case to our Court for consideration of the same. Order at 1, *Owens*, No. S-1-SC-36335 (Dec. 18, 2017). On remand, we withdraw the memorandum opinion issued on March 7, 2017, and substitute this opinion in its stead.

**{2}** Defendant argues that adding the firearm enhancements to his aggravated assault with a deadly weapon sentences violates double jeopardy because the use of a firearm was an element of the crime of aggravated assault with a deadly weapon. [Defendant MIO 1-2] However, our Supreme Court recently rejected this same argument in *Baroz*. In *Baroz*, the defendant was convicted of two counts of aggravated assault with a deadly weapon and sentenced to a term of eighteen months, followed by one year of parole, for each conviction. 2017-NMSC-030, ¶ 20. The district court enhanced Defendant's sentences on these counts by one year each pursuant to NMSA 1978, § 31-18-16(A) (1993), the firearm enhancement statute. *Baroz*, 2017-NMSC-030, ¶ 20. Our Supreme Court rejected the defendant's contention that the firearm enhancement violates double jeopardy because use of a firearm is an element of his charges for aggravated assault with a deadly weapon. *Id.* The Court concluded that the Legislature intended to authorize an enhanced punishment when a person uses a firearm in the commission of aggravated assault, and thus, "[t]he sentence enhancement does not run afoul of double jeopardy." *Id.* ¶ 27.

**{3}** Given the Supreme Court's holding in *Baroz*, we conclude that the firearm enhancements in this case do not violate double jeopardy. We withdraw our previous holding vacating the enhancements and instead affirm the district court's enhancements of Defendant's two sentences for aggravated assault with a deadly weapon. The rest of our holdings in our previously issued memorandum opinion, as reiterated below, remain unchanged.

**{4}** This Court's second calendar notice continued to propose affirmance on the sufficiency of evidence to support Defendant's convictions. [CN 2, 3] Defendant's second memorandum in opposition repeats the same argument that the evidence presented at trial did not exclude all reasonable doubt. [Defendant MIO 3] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party

responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031 ¶ 3, 297 P.3d 374. We suggest that while Defendant's testimony to the contrary, if believed by the jury, could have cast doubt on the veracity of the State's witnesses, it was the jury's duty to weigh the credibility of the witnesses and this Court does not reweigh the evidence. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). Based on the evidence, and "indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict[,]" we conclude that the evidence presented at trial was sufficient to exclude all reasonable doubt and supported Defendant's convictions. *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176; *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that in determining the sufficiency of evidence, we disregard all evidence and inferences that support a different result).

**{5}** This Court's second calendar notice continued to propose that exigent circumstances were established based on the evidence relied upon in the first calendar notice and Defendant's failure to dispute those facts. [CN2 4-5] Specifically, we proposed to conclude that Defendant's warrantless arrest was lawfully based on both probable cause and exigent circumstances, where there was evidence that the deputy received a call informing her that Defendant was pointing a gun at and trying to kill two government officials on his property. [CN1 6] Defendant repeats the argument but does not otherwise point to any error in fact or law to persuade us that our legal conclusion is erroneous. [Defendant MIO 4] *See Mondragon*, 1988-NMCA-027, ¶ 10.

**{6}** Next, Defendant continues to argue pursuant to *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1, that his numerous motions, meritorious on their face, should not have been summarily dismissed without a hearing, and that his commitment prior to trial violated NMSA 1978, Section 31-9-1.5(A) (1999), because no evidentiary hearing was conducted to establish by clear and convincing evidence that he committed the crimes for which he was accused. [Defendant MIO 6] We adhere to our conclusion that it was within the judge's discretion to rule on the motions without a hearing, given that the judge either expressly indicated no hearing was necessary, as there were no facts requiring further factual development [3 RP 582, 643, 663, 689, 691], or made findings analyzing the parties' arguments. [3 RP 582-92; 643-44; 663-64] *See State v. Guerro*, 1999-NMCA-026, ¶¶ 26-28, 126 N.M. 699, 974 P.2d 669 (recognizing that the district court's refusal to hold an evidentiary hearing as being within the judge's discretion particularly where claims are based on the judge's personal observation and knowledge of the case, where the party fails to state the grounds for relief, or the record contradicts the assertions made). We note Defendant acknowledges that because he is no longer in custody, there is no remedy for this due process claim. [Defendant MIO 6] Because Defendant points to no error in fact or law, we affirm. *See Mondragon*, 1988-NMCA-027, ¶ 10.

**{7}** For all of these reasons, and those stated in this Court's first and second calendar notices, we affirm.

**{8}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JULIE J. VARGAS, Judge**

**_____**